UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALBA FIGUEROA,

    *Plaintiff,*

v.

HOYT CORPORATION,

    *Defendant.*

Civil Action No. 17-7280

ORDER

    **THIS MATTER** comes before the Court by way of Plaintiff Alba J. Figueroa's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915, ECF No. 1; and it appearing that

    because Plaintiff has established her inability to pay the costs of the proceeding, the Court grants Plaintiff's application to proceed *in forma pauperis* without prepayment of fees and costs pursuant to 28 U.S.C. § 1915(a); and it appearing that

    pursuant to 28 U.S.C. § 1915(e)(2), the Court must also analyze the Complaint to determine if the claims contained therein must be dismissed; and it appearing that

    28 U.S.C. § 1915(e)(2)(B)(ii) requires dismissal of the action if the Complaint fails to state a claim on which relief may be granted[1]; and it appearing that

    Plaintiff is proceeding *pro se*, so the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys, Haines v. Kerner, 404 U.S. 519, 520

---

[1] The Court must apply the same standard of review as that for dismissing a complaint under Fed. R. Civ. P. 12(b)(6) when evaluating whether a complaint must be dismissed under § 1915(e) for failure to state a claim on which relief can be granted. Grayson v. Mayview State Hosp., 293 F.3d 103, 112 (3d Cir. 2002). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

(1972), but a complaint must still contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); and it appearing that

the Complaint indicates that Plaintiff is asserting a claim under the Age Discrimination in Employment Act of 1967, but it does not include or attach any factual basis to support this claim;

Plaintiff's Complaint therefore does not assert enough facts to state a claim for relief that is plausible on its face;

IT IS on this 13th day of February, 2018,

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** but the Complaint is **DISMISSED** for failure to state a claim, without prejudice as to Plaintiff's refiling with an attached statement of claim within 30 days.

*/s Madeline Cox Arleo*_____
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**
